# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **ROBERT BELL, JR.,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:10CV00125 SNLJ |
| **MICHAEL HAKALA, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by plaintiff regarding his Statement of Undisputed Material Facts, which E.D. Mo. Local Rule 7-4.01(E) requires accompany his motion for summary judgment. Plaintiff's first motion, filed January 24, 2011, requests an extension of time to amend/correct his motion statement of undisputed material facts (#46 at 1). Filed with that motion is a second motion requesting an order compelling the prison to provide certain access to the law library or, in the alternative, appointed counsel (#46 at 2). On February 3, 2011, plaintiff filed a motion for leave to file a supplemental statement of undisputed material facts (#53).

Plaintiff's request for an extension of time (#46 at 1) will be granted, and, in fact, plaintiff filed his Statement of Undisputed Material Facts on February 1, 2011 (#48). Plaintiff's motion to compel the prison to provide him with access to the library or appoint counsel (#46 at 2) was apparently based on the fact that plaintiff desired access to a typewriter, which was available in the library. Plaintiff suggests that he was being denied access to the courts, as guaranteed by the Fourteenth Amendment. To sustain such a claim, plaintiff must demonstrate an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348 (1996). Such a claim is, however, outside the scope of

plaintiff's current complaint, and the Court has no jurisdiction over the prison in this case, as the prison is not a party. Furthermore, the Court notes that plaintiff's access to a typewriter is not a prerequisite to filing documents with the Court. The motion to compel will be denied.

With respect to plaintiff's request that the Court appoint counsel, the appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1080-81 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

The Court finds that appointment of counsel is not mandated at this time. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. As the Court has already stated, plaintiff's access to a typewriter is not critical to his ability to litigate his case. Furthermore, this action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

Finally, plaintiff's motion to file a supplemental statement of uncontroverted material facts (#53) will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's January 24, 2011 motion for an extension of time to amend/correct his motion statement of uncontroverted material facts (#46 at 1) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's January 24, 2011 motion requesting an order compelling the prison to provide certain access to the law library or, in the alternative, appointing counsel (#46 at 2) is **DENIED**;

**IT IS FINALLY ORDERED** that plaintiff's February 3, 2011 motion for leave to file a supplemental statement of uncontroverted material facts (#53) is **GRANTED**.

Dated this  14th  day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE