UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10CV00125 SNLJ |
| ) | |
| MICHAEL HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "Stipulation Seeking Certification of Action as Class Action" (#59) and plaintiff's Motion to Appoint Class Counsel (#60), both filed February 22, 2011. Responsive pleadings have been filed.

Plaintiff's "Stipulation" indicates that all parties have agreed to certification of a plaintiff class defined as "prisoners seeking adequate medical attention by the Missouri Dept. of Corr" and a defendant class defined as "all members, contributors, officers, directors, trustees, stakeholders, and beneficiaries claiming an interest, present or future, in the" Missouri Department of Corrections. The "stipulation" then goes on to state that the claims of the named plaintiffs are typical of the claims of the plaintiff class; that the representative parties will fairly and adequately represent the interest of the classes; that questions of law and fact common to the plaintiff class predominate over individual questions, and that a common question of law and fact include whether the actions or refusals to act of defendants deprive plaintiffs of their rights of access to the courts, legal supplies, and the law libraries." The "stipulation" is signed only by plaintiff, and it includes a proposed order that inexplicably includes Omer Clark as a defendant.

The "proposed order" also defines the proposed plaintiff class as "prisoners seeking access to the courts," which is different from the definition supplied in the "stipulation."

Plaintiff's "stipulation," which by its title and in substance suggests that the parties have agreed to it, is improper. Further, the "Proposed Order" includes reference to "defendant Omer Clark," who is not and has never been a party to this action. To the extent that plaintiff seeks to move for class certification under Federal Rule of Civil Procedure 23, plaintiff merely recites some of Rule 23's requirements and includes claims that are not at issue in plaintiff's complaint. (*See* Sept. 13, 2010 Order (#11), discussing plaintiff's attempt to add new and unrelated claims and parties, including Omer Clark, to this action, and striking plaintiff's motion.) Plaintiff's motion is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's February 22, 2011 "Stipulation Seeking Certification of Action as Class Action" (#59) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's February 22, 2011 Motion to Appoint Class Counsel (#60) is **DENIED**.

Dated this  14th   day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE