UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **ROBERT BELL, JR.,**           ) | |
| )| |
| Plaintiff,           ) | |
| )| |
| vs.           ) | Case No. 1:10CV00125 SNLJ |
| )| |
| **MICHAEL HAKALA, et al.,**           ) | |
| )| |
| Defendants.           ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's August 5, 2011 Motion to Appoint Counsel (#100).

Plaintiff's motion indicates that unidentified prison officials refuse to provide him with "adequate and reasonable access to the courts," apparently because prison officials have denied him free "trained legal assistants and ... indigent legal supplies, like postage and copies of this and any other pleadings."

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *In re Lane*, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the

factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim.  *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. at 1080-81; *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time.  This action still appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

Although plaintiff complains that he is being denied access to the courts, plaintiff has not explained in his motion or elsewhere how he has been denied access to the courts given his prolific filings in this court (*see* Document Nos. 98, 99, 101, 103, and 104, filed by plaintiff in this case alone), all of which belie his allegation that he is unable to access the courts.  Prison officials have a constitutional obligation to allow prisoners access to the courts, which includes providing them with the necessary postage. *E.g.*, *Bounds v. Smith*, 430 U.S. 817, 824 (1977); *Smith v. Erickson*, 884 F.2d 1108, 1110 (8th Cir.1989).  However, the prisons may adopt policies that encourage inmates to use their own resources and to manage their money intelligently, including regulations that require prisoners to pay for mailings from their spending accounts.  *See Blaise v. Fenn*, 48 F.3d 337 (8th Cir.1995); *Pipes v. United States*, No. 1:07-cv-57, 2007 WL 4661674, at *1 (D.N.D. Dec. 11, 2007).  Plaintiff does not explain why he is allegedly unable to afford postage, copies, or other supplies given that he is provided a monthly allowance from the state.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#100), filed August 5, 2011, is **DENIED** without prejudice at this time.

Dated this  13th  day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE