UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10-CV-00125-SNLJ |
| | ) |
| MICHAEL HAKALA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Robert Bell, Jr. filed this 42 U.S.C. § 1983 claim against defendants Joyce Dickerson, Jeff Norman, Dr. Michael Hakala, and Dr. Russell Graham, all of whom are or were employed at the Southeast Correctional Center ("SECC") in Charleston, Missouri, where plaintiff was previously incarcerated.

On July 8, 2011, this Court entered summary judgment for defendants Joyce Dickerson, Jeff Norman, and Dr. Michael Hakala (#92). Plaintiff filed a Motion to Alter or Amend that judgment on July 25, 2011 (#98). Furthermore, plaintiff filed a Motion for Leave to File Supplemental Complaint on August 25, 2011 (#104). These matters are now ripe for disposition.

**I.  Case Summary**

Plaintiff claims that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide treatment for his chronically dry skin, which caused cracks and bleeding sores on his right hand and feet. Also, plaintiff alleges that the defendants failed to provide treatment for his painful right ankle. The Court held that none of the defendants had been deliberately indifferent to plaintiff's medical needs — the Court did not

1

address the question of whether plaintiff's medical needs were serious. Plaintiff was seen by medical professionals; his skin condition was treated with medicated lotions; and his foot was x-rayed and treated for arthritis. As the Court observed in its July 8 opinion, a prisoner's mere disagreement with his course of treatment does not give rise to a claim for deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1241 (8th Cir. 1997) (citing *Estelle v. Gamble*, 492 U.S. 97, 106); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994); *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991).

II.     **Plaintiff's Motion to Alter or Amend Judgment (#98)**

Plaintiff's motion states that the court erred in granting summary judgment to the defendants. He states that he "also charged the defendants with entering into a conspiracy to retaliate and thereby punish me for filing grievances and lawsuits demanding adequate access to the courts and legal supplies for indigents."

With respect to plaintiff's conspiracy charge, plaintiff made no specific allegations in his complaint or elsewhere about any purported conspiracy. Plaintiff's complaint states that his claim was "Deliberate indifference to my serious medical needs, which causes or subjects Plaintiff to imminent danger of serious bodily harm a violation of the Eighth Amendment of the U.S. Constitution (Cruel and Unusual Punishment) in retaliation for filing grievances and demanding constitutional and adequate access to the courts." (#1 at 3.) Plaintiff goes on to describe his dry skin and ankle problems. Plaintiff then writes "RELIEF: This Court should order the defendants to treat my serious medical conditions." Plaintiff alleged no conspiracy, nor did he allege any issues with accessing the Courts. (In fact, as this Court has observed in a recent order, Document Number 106, plaintiff has filed numerous and lengthy typewritten documents

over the course of the last year with apparent ease; moreover, plaintiff filed another lawsuit in May 2011 (Case No. 1:11-cv-91).) Rather, plaintiff simply stated in his complaint that the defendants were refusing to treat his maladies, allegedly because they wanted to punish him for filing grievances and demanding adequate access to the Courts. Plaintiff never alleged that he was actually denied access to the Courts, or that there was any conspiracy.

Most importantly, plaintiff's maladies — whether they were serious or not — were treated by the defendants. Plaintiff even states in a recent filing that Dr. Graham "finally and adequately treated [plaintiff] for his injuries." (#98 at 7.) Although plaintiff now claims[1] in his motion that a nurse "falsified" his medical records to indicate that he had been treated properly, plaintiff admits that he *was* "adequately treated." There is no reason for the Court to alter or amend its ruling.

### III.    Plaintiff's Motion to Amend His Complaint (#104)

Plaintiff, in what appears to be a final effort to save his lawsuit, has moved for leave to file a "Supplemental Complaint" that alleges new facts and names two new defendants: Dr. Scott, a physician, and George Lombardi, who is director of the Missouri Department of Corrections. Plaintiff was at some point transferred from the Southeast Correctional Center ("SECC") to the South Central Correctional Center ("SCCC"). He states that, upon being transferred to SCCC, he was seen by a Dr. Scott, who at first prescribed and then refused to continue a prescription for plaintiff's dry skin condition, and who also refuses to provide plaintiff

---

[1] Plaintiff's allegations are confusing; he appears to allege that a nurse wrongly included in his 2010 medical records statements about his history of dry hands that he allegedly made eight years earlier. Regardless, the fact remains that plaintiff was adequately treated during the relevant time period for his dry skin issues.

with soap other than the small bar provided by the prison.  Plaintiff alleges that Mr. Lombardi is responsible for instituting the prison policy that denies plaintiff soap, lotions, or petroleum jelly for plaintiff's dry skin.  Plaintiff alleges that both Scott and Lombardi, then, are deliberately indifferent to his serious medical needs (notably, plaintiff does not mention his right ankle).

It is well past the time for plaintiff to amend his complaint as a mater of course under Federal Rule of Civil Procedure 15(a)(1).  Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires."

Justice does not require that plaintiff be permitted to amend his complaint to add new claims and new defendants at this time.  At this stage in the litigation, the Court has granted summary judgment as to all claims, and judgment has been entered in favor of the defendants.  Plaintiff is now complaining of new, specific treatment that occurred at a new prison, and he is trying to make his claims against entirely new defendants.  Joinder of those claims and defendants in this case — under Rules 18 and 20 — would therefore be inappropriate, as the defendants' alleged actions do not arise out of the same transaction or occurrence as do the plaintiff's initial complaints, being that plaintiff is being treated by a new doctor at a new facility, and there is no question of law or fact common to both new and old defendants.  Plaintiff is of course free to file a new complaint alleging these new claims against new defendants, although plaintiff is advised that venue would likely be more appropriate in the Western District of Missouri, pursuant to 28 U.S.C. § 1391(b)(1).

IV. Conclusion

The Court will deny both of plaintiff's motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend, filed July 25, 2011 (#98), is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Expedited Disposition of Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment, filed October 20, 2011 (#110), is **DENIED** as moot.

**IT IS FINALLY ORDERED** that plaintiff's Motion for Leave to File Supplemental Complaint, filed August 25, 2011 (#104), is **DENIED**.

Dated this   10th   day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE